PER CURIAM.
We reverse the summary judgment denying plaintiff PIP coverage.
Plaintiff was working for a sign company which owned a flatbed truck to which was permanently affixed a hydraulic ladder. He and a sign were lifted up the hydraulic ladder in connection with the installation of the sign. As he was standing on the ladder holding the sign in place against a portion of the wall where the sign was to be affixed, a gust of wind knocked him off the ladder onto the ground, injuring him. The truck was stationary at the time of the accident.
Plaintiff contends that PIP coverage was required because his loss was from injuries “arising out of the ... use of a motor vehicle” within the meaning of section 627.-736(1), Florida Statutes (1985), “while occupying the owner’s motor vehicle” within the meaning of section 627.736(4)(d)4. We agree. Notwithstanding the well-presented argument on behalf of appellee, we conclude that the legislature meant to require PIP coverage pursuant to those provisions under circumstances like those in this case.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and CAMPBELL and LEHAN, JJ., concur.